UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRVING F. LAPOINT | CIVIL ACTION |
| VERSUS | NO. 06-2455 |
| BILLY JOE DUFFER, JR., ET AL | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is the "Motion for Summary Judgment" (Rec. Doc. No. 13) filed by Plaintiff, Irving F. LaPoint, in the above-captioned matter. The motion is opposed (Rec. Doc. No. 14). Upon reviewing the submissions of the parties and the pertinent law, the Court finds that genuine issues of material fact exist that preclude summary judgment. Accordingly, for all of the reasons stated herein, Plaintiff's Motion for Summary Judgment is **DENIED**.

## I. BACKGROUND

This action arises out of an automobile accident that occurred on or about March 31, 2005 in which the car driven by Mr. LaPoint was rear-ended by the eighteen-wheeler driven by Mr. Duffer. Mr. LaPoint alleges that he was stopped at a red light on General DeGualle Avenue in Algiers, Louisiana for about forty-five seconds when his vehicle was suddenly struck from behind by Defendant's eighteen-wheeler. Plaintiff filed suit against Mr. Duffer, his employer, GSC Enterprises, Inc., and their insurer, Sentry Insurance, alleging that the collision was caused by Mr. Duffer's negligence while he was acting in the course and scope of his employment. In his motion, Plaintiff argues that the negligence of Mr. Duffer was the sole cause of the accident.

In their opposition, Defendants urge that there are genuine issues of fact regarding whether Mr. Duffer first came to a stop behind Mr. LaPoint at the red light and as to whether Mr. Duffer was the sole cause of the accident. Mr. Duffer states that both he and Mr. LaPoint were stopped at the

red light and that when the light turned green, both vehicles started to go forward. According to Mr. Duffer, Plaintiff then came to an abrupt stop, and as a result, Mr. Duffer was unable to stop his eighteen-wheeler in time to avoid hitting Mr. LaPoint's vehicle.

## II. LAW AND ANALYSIS

### A. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

Initially, the movant bears the burden of demonstrating the absence of material fact issues. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993). The movant is not required, however, to negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323). If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. If the movant meets his burden, then the burden then shifts to the nonmovant, who, to avoid summary judgment, must go beyond the pleadings and designate specific facts that show that there is a genuine issue for trial.

*Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325).  Of course, unsubstantiated assertions do not constitute competent summary judgment evidence.  *Abbott*, 2 F.3d at 619 (citing *Celotex Corp.*, 477 U.S. at 324).

Before granting a motion for summary judgment, the district court must be satisfied that no reasonable trier of fact could find in favor of the nonmoving party.  *Anderson*, 477 U.S. at 249; *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (stating that "the facts and inferences [must] point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict").  In determining whether a material issue of fact exists, the evidence and all inferences drawn therefrom must be considered in the light most favorable to the non-moving party.  *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)).

## B.  Analysis

Upon reviewing the submissions of the parties, the Court finds that there are issues of material fact which preclude summary judgment on the issue of liability.  There is an issue of fact as to whether Mr. Duffer was at a complete stop behind Mr. LaPoint at the red light prior to the collision.  Additionally, there is an issue of fact regarding whether Mr. LaPoint came to an abrupt stop after proceeding forward once the light turned green.  Such issues preclude summary judgment on Plaintiff's negligence claim.

In so ruling, the Court further notes that at the time Plaintiff's motion was filed, depositions of the parties involved had not yet been taken.

## III.  CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary

Judgment is **DENIED**.

New Orleans, Louisiana, this __5th__ day of December, 2006.

_____
**KURT D. ENGELHARDT
United States District Judge**